# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

KIMBERLY L. BIZAUSKAS,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

2:16-cv-01901-GMN-VCF

**REPORT & RECOMMENDATION**

This matter involves Plaintiff Kimberly Bizauskas' appeal from the Commissioner's final decision denying Bizauskas' social security benefits. Before the Court are Bizauskas' Motion for Reversal and/or Remand (ECF No. 20) and the Commissioner's Cross-Motion to Affirm (ECF No. 22). For the reasons stated below, the Court recommends denying Bizauskas' motion and granting the Commissioner's motion.

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[I]t is usually better to minimize the opportunity for reviewing courts to substitute their discretion for

1

that of the agency." (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014))). The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). This means such relevant "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014).

If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. (*See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

In this case, the Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process in 20 C.F.R. § 404.1520. The ALJ concluded Bizauskas did not engage in substantial gainful activity during the relevant timeframe. (ECF No. 15-1 at 711). The ALJ found Bizauskas suffered from medically determinable severe impairments consisting of a history of thyroid tumor, peptic ulcer disease, bipolar disorder, and attention deficit hyperactivity disorder, but the impairments did not meet or equal any listed impairment under 20 C.F.R.. Part 404, Subpart P, Appendix 1. (*Id.* at 711-712). The ALJ concluded Bizauskas retained the residual functional capacity to perform light work with the following conditions: occasional exposure to fumes, odors, dusts, gas, and poor ventilation; performance limited to

2

simple, routine, and repetitive tasks; occasional interaction with coworkers, supervisors, and the public; and the ability to adapt to routine work changes. (*Id.* at 713-714).

The ALJ posed two hypotheticals to the vocational expert at Bizauskas' hearing. First, the ALJ asked what work an individual could perform with the limitations listed above. (*Id.* at 742). The vocational expert testified the individual could perform the work of a packer, routing clerk, or mail sorter. (*Id.* at 743). The ALJ then asked what work an individual could perform if, in addition to the limitations listed above, the individual would be off-task up to 20% of the time. (*Id.*) The vocational expert testified "[t]hat alone would eliminate competitive work." (*Id.* at 744). In his report, the ALJ accepted the vocational expert's testimony following the first hypothetical[1]—that Bizauskas' residual functional capacity would allow Bizauskas to perform available work. (ECF No. 15-1 at 718-719.) The ALJ found that Bizauskas was not under a disability as defined in the Social Security Act. (*Id.* at 719).

Bizauskas challenges the ALJ's assessment on a single ground. Bizauskas argues the ALJ failed to incorporate Dr. Fabella-Hicks' full opinion into the disability evaluation process. (ECF No. 20 at 6). Specifically, Bizauskas asserts the ALJ failed to take into account Dr. Fabella-Hicks' finding that Bizauskas had difficulty completing tasks on a sustained basis when the ALJ used the vocational expert's findings from the first hypothetical rather than the second hypothetical. (*Id.* at 7-9). The Commissioner argues the ALJ's decision is supported by substantial evidence because there were internal inconsistencies in Dr. Fabella-Hicks' opinion and other medical experts opined Bizauskas did not have substantial problems concentrating. (ECF no. 22 at 4-7).

---

[1] The ALJ did not mention posing a second hypothetical to the vocational expert in his report.

3

I. **Medical Experts' Opinions Regarding Bizauskas' Concentration**

The ALJ's report lists five experts that gave opinions specifically regarding Bizauskas' concentration, persistence, or pace. Dr. Larson examined Bizauskas in March 2012 and Bizauskas "was assessed to have a sufficient capability to concentrate and carry out complex tasks." (ECF No. 15-1 at 716). Dr. Araza also examined Bizauskas in March 2012 and stated she has "no difficulty with maintaining concentration, persistence, or pace." (*Id.* at 714-715). Dr. Cabaluna performed a physical consultative evaluation in April 2013 and noted Bizauskas' "memory and ability to concentrate were intact." (*Id.* at 716). Dr. Roldan reviewed Bizauskas' medical records in June 2013 and stated she appeared to have "moderate difficulties with maintaining concentration, persistence, or pace." (*Id.* at 714).

Dr. Fabella-Hicks examined Bizauskas in May 2013. (*Id.* at 717). Dr. Fabella-Hicks separated her findings into several sections. In the Functional Assessment sections, Dr. Fabella-Hicks stated Bizauskas was "cognitively capable of performing most" complex instructions, but there were "specific limitations in [Bizauskas'] ability to consistently sustain performance" in these tasks. (*Id.* at 1361). Bizauskas "was judged to be capable of performing" detailed and simple instructions, though she "may still have difficulty with consistent and sustained performance." (*Id.*) Bizauskas "appeared to show variable concentration and attention" and "needed to give effort to complete tasks," but "[h]er ability to maintain persistence and pace to carry out specified tasks was sufficient." (*Id.* at 1361-1362). In the Prognosis section, Dr. Fabella-Hicks stated Bizauskas "was cognitively capable of performing complex, detailed, and simple tasks. Her ability to complete tasks on a sustained basis would be affected by her mental health symptoms." (*Id.* at 1362).

II. **The ALJ's Findings Regarding Bizauskas' Concentration**

"When there is conflicting medical evidence, the [ALJ] must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (quoting *Matney v. Sullivan,* 981

F.2d 1016, 1019 (9th Cir.1992)). "[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995), *as amended* (Apr. 9, 1996).

The Court finds that the ALJ did not disregard any portion of Dr. Fabella-Hicks' opinion, because Dr. Fabella-Hicks never stated that Bizauskas' disabilities would significantly interfere with her ability to perform simple tasks.[2] Bizauskas' argument rests on the Prognosis statement that "[h]er ability to complete tasks on a sustained basis would be affected by her mental health symptoms." (ECF No. 15-1 at 1362). However, the Prognosis statement addresses "complex, detailed, and simple tasks" as a collective group. In addressing these tasks separately in the Functional Assessment sections, Dr. Fabella-Hicks' stated there "are" limitations in Bizauskas' ability to follow complex instructions on a sustained basis, but Bizauskas only "may" have difficulty with detailed and simple instructions. (*Id.* at 1361). The ALJ took Dr. Fabella-Hicks' entire opinion into consideration in finding Bizauskas was limited to performing "simple, routine, repetitive tasks." (*Id.* at 713). In addition, even if the ALJ had improperly disregarded a portion of Dr. Fabella-Hicks' opinion, the ALJ's findings are supported by substantial evidence. Three other examining physicians commented favorably on Bizauskas' ability to concentrate and carry out tasks, and the ALJ gave specific reasons for the weight given to each medical expert. (*Id.* at 714-716).

///

///

///

///

---

[2] Dr. Fabella-Hicks also failed to state that Bizauskas would be off-task for 20% of a workday as presented in the ALJ's second hypothetical to the vocational expert. (ECF No. 15-1 at 743).

ACCORDINGLY,

IT IS RECOMMENDED that Plaintiff Kimberly Bizauskas' Motion for Reversal and/or Remand (ECF No. 20) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm. (ECF No. 22) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 26th day of September, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE