# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KIMBERLY L. BIZAUSKAS, | ) |
| Plaintiff, | ) |
| | ) Case No.: 2:16-cv-01901-GMN-VCF |
| vs. | ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) **ORDER** |
| Defendant. | ) |

Pending before the Court is the Motion for Reversal and/or Remand, (ECF No. 20), filed by Plaintiff Kimberly L. Bizauskas ("Plaintiff"). Defendant Nancy A. Berryhill ("Defendant") filed a Response, (ECF. No. 23), and a Cross-Motion to Affirm, (ECF No. 22), to which Plaintiff filed a Reply, (ECF No. 24). These motions were referred to the Honorable Cam Ferenbach, United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

On September 26, 2017, Judge Ferenbach entered the Report and Recommendation ("R. & R."), (ECF No. 25), recommending Plaintiff's Motion for Reversal and/or Remand be denied and Defendant's Motion to Affirm be granted. Plaintiff timely filed an Objection, (ECF No. 26), to the R. & R., and Defendant filed a Response to the Objection, (ECF No. 27).

**I.    BACKGROUND**

Plaintiff brings this action against Defendant in her capacity as the Commissioner of the Social Security Administration, pursuant the Social Security Act, 42 U.S.C. § 405(g). (Compl., ECF No. 4). Plaintiff seeks judicial review of the final decision by the Commissioner of the Social Security Administration, wherein the Commissioner denied her claims for social security

disability insurance benefits and supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1385. (*Id.* ¶¶ 6, 9).

Plaintiff applied for disability insurance benefits and supplemental security income benefits on August 26, 2011. (Admin. R. ("A.R.") at 857–869, ECF No. 15-2). Her applications were denied initially, upon reconsideration, and after a hearing before an Administrative Law Judge ("ALJ") on February 20, 2015. (*Id.* at 706–724). Plaintiff timely requested Appeals Council review of the ALJ's decision, which the Appeals Council denied on June 20, 2016. (Compl. ¶ 8). Plaintiff then filed her Complaint and the instant Motion to Reverse or Remand.

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. Local R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

## III. DISCUSSION

Plaintiff challenges Judge Ferenbach's findings that the ALJ properly considered Plaintiff's limitations as endorsed in Dr. Fabella-Hicks's report. Specifically, Plaintiff alleges that the ALJ did not properly consider the statement that "[h]er ability to complete tasks on a sustained basis would be affected by her mental health symptoms." (Obj. 5:6–5:9, ECF No. 26). According to Plaintiff, if the ALJ accepted Dr. Fabella Hicks's statement as true, Plaintiff would be entitled to social security benefits. (*Id.* 5:5–5:12).

In reviewing Defendant's denial of benefits, the Court determines whether the ALJ's underlying decision is supported by enough "evidence as a reasonable mind might accept as

adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938); *see Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (stating that if the evidence supports more than one interpretation, the court must defer to the Commissioner's interpretation). Here, the ALJ satisfied this standard.

Although Dr. Fabella-Hicks's report acknowledges that Plaintiff's mental health symptoms may affect her ability to complete tasks on a sustained basis, that report did not state that Plaintiff's symptoms would interfere with her ability to perform simple tasks. (A.R. at 717, ECF No. 15-1). Additionally, the ALJ considered Dr. Fabella-Hicks's findings in combination with the findings of the other examining physicians. (*Id.* at 714–718). As Judge Ferenbach notes, the other physicians "commented favorably on Bizauskas ability to concentrate and carry out tasks, and the ALJ gave specific reasons for the weight given to each medical expert." (R&R 5:13–5:18). The Court therefore agrees with Judge Ferenbach's conclusion that the ALJ's determination is supported by substantial medical evidence and that the ALJ adequately considered Dr. Fabella-Hicks's report. Given that the ALJ's conclusion is supported by substantial evidence, Plaintiff has not provided adequate reasons for the Court to now depart from, or reverse, the ALJ's decision. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

Having reviewed Plaintiff's objections *de novo*, the Court finds no basis on which to reject Judge Ferenbach's R. & R., (ECF No. 25). The Court therefore overrules Plaintiff's Objection, (ECF No. 26).

**IV.     CONCLUSION**

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 25), be **ACCEPTED** and **ADOPTED in full**, to the extent that it is not inconsistent with this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reverse and/or Remand, (ECF No. 20), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion to Affirm, (ECF No. 22), is **GRANTED**.

The Clerk of Court shall enter judgment accordingly and close the case.

**DATED** this __23__ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court